IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA CONE,<br><br>Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Civil Action No.  2:24-cv-97 |

**COMPLAINT**

AND NOW, comes the Plaintiff, LISA CONE, by and through her attorney, Brian Patrick Bronson, Esquire, and the Quatrini Law Group, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

**INTRODUCTION**

**NATURE OF THIS ACTION**

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202. Ms. Cone (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by The Prudential Insurance Company of America.  The Plan is governed by ERISA.  Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff

with the timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

### JURISDICTION AND VENUE

2.  This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3.  Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

### PARTIES

4.  The Plaintiff, Lisa Cone, resides at 139 Mechling Road, Kittanning, PA 16201, Armstrong County.

5.  The Defendant, The Prudential Insurance Company of America, is the Claims Administrator of Long Term Disability claims and has an office located at 751 Broad Street, Newark, NJ 07102.

6.  Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

### STATEMENT OF FACTS

7.  The Plaintiff, Ms. Lisa Cone, last worked for Highmark and Allegheny Health Network as a Certified Nurse Midwife on or about September 20, 2022, wherein she

stopped working due to diagnoses, symptoms, and functional limitations of Left Hip Pain; Left Hip Arthroplasty; Right Hip Dislocation and Surgery on November 28, 2022; Right Hip Bacterial Infection; Right Hip Removal of Antibiotic Space, I&D, Place of New Spacer; and Two Surgeries due to Additional Bacterial Infections on May 15, 2023 and June 27, 2023.

8. By letter dated March 20, 2023, Defendant denied Plaintiff's claim for Long Term Disability benefits.

9. After the first denial, the Plaintiff, pro se, advanced an argument that she was disabled due to a non-pre-existing condition which was the unexpected dislocation of her right hip and further damages which have now prevented her from returning to Any Occupation.

10. By letter dated April 14, 2023, Defendant upheld their decision to deny Plaintiff's claim for Long Term Disability benefits. In the second denial letter, the Defendant did fail to address the arguments of Plaintiff's dislocation of her right hip and subsequent damages, and only restated their reason for denial which was the pre-existing limitation of her left hip, conceded to by the Plaintiff in her appeal argument.

11. Plaintiff, by and through her attorney, Brian Patrick Bronson, Esquire, filed a timely and responsive appeal by letter dated October 10, 2023, and supplemented the appeal with additional evidence by letter dated November 21, 2023.

12. By letter dated January 4, 2024, Defendant upheld their decision to deny Plaintiff's claim for Long Term Disability benefits. This letter states, "This decision is final and cannot be appealed further to Prudential."

## CAUSE OF ACTION

### Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.

13. Paragraphs 1 through 12 are incorporated herein as if set forth at length.

14. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

15. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of her own occupation and any gainful occupation due to diagnoses, symptoms, and functional limitations of Left Hip Pain; Left Hip Arthroplasty; Right Hip Dislocation and Surgery on November 28, 2022; Right Hip Bacterial Infection; Right Hip Removal of Antibiotic Space, I&D, Place of New Spacer; and Two Surgeries due to Additional Bacterial Infections on May 15, 2023 and June 27, 2023.

16. The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

17. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

18. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

19. The Defendant should be stopped from asserting any arguments not contained in either of their denial letters as they did fail to properly address the Plaintiff's arguments as to eligibility for benefits.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

- 5 -

    (1)    Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

    (2)    Awarding pre and post judgment interests;

    (3)    Awarding Plaintiff the costs of this action and reasonable attorneys fees;

    (4)    Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire  
Brian Patrick Bronson, Esquire (Pa #89035)  
Quatrini Law Group, P.C.  
550 East Pittsburgh Street  
Greensburg, PA  15601  
Phone:  (724) 837-0080  
Fax:  (724) 837-1348  
E-mail:  bbronson@qrlegal.com

Dated:  January 24, 2024